**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GLENN A. HEATH,

      Petitioner - Appellant,

v.

RAY ROBERTS, Warden;
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

      Respondents- Appellees.

No. 04-3479
(D.C. No. 02-CV-3349-JTM)
(D. Kan.)

---

**ORDER**

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Petitioner-Appellant Glenn A. Heath, proceeding pro se, moves for a
Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253(c) in order to
challenge the district court's denial of his 28 U.S.C. § 2254 petition for habeas
relief. We DENY the COA and DISMISS Heath's appeal.

After a jury trial in Kansas state court, Heath was convicted in 1996 of first
degree felony murder and abuse of a child. On direct appeal, the Kansas Supreme
Court held that the offense of child abuse merged with the offense of felony
murder; therefore, to avoid a double jeopardy violation, the court reversed
Heath's child abuse conviction. State v. Heath, 957 P.2d 449, 461 (Kan. 1998).

Heath then filed two state court post-conviction motions, both of which resulted in an affirmance of his felony murder conviction. Heath v. State, 47 P.3d 430 (Kan. App. May 24, 2002).

In his federal § 2254 petition, Heath alleges that (1) his conviction for felony murder violated double jeopardy and his due process rights; (2) the trial court erred by failing to instruct on lesser included offenses; (3) the trial court erred by admitting expert testimony regarding "battered child syndrome"; (4) the trial court committed "structural error" by admitting evidence of prior abuse of victim; (5) Petitioner is entitled to a new trial because of prosecutorial misconduct;[1] (6) the trial court erred in requiring Petitioner to use two peremptory strikes to remove two jurors "for cause"; (7) the trial court erred in allowing the victim's mother, a witness in the trial, to be present during trial before her testimony; (8) the trial court erred in admitting Petitioner's statements to detectives prior to his arrest; (9) the trial court erred by inaccurately instructing the jury on the applicable law; and (10) the cumulative errors denied Petitioner a fair trial. In addition, he argues that the Kansas courts were in error to deny him

---

[1]Specifically, Petitioner alleges prosecutorial misconduct in inquiring into prior instances of abuse and the victim's prior statements, inquiring into Petitioner's temper, making other improper statements during closing, and possibly also selectively prosecuting Petitioner but not the victim's mother. Before this court, he also asserts the prosecutor went so far as to commit "a fraud upon the court."

post-conviction relief on the basis of prosecutorial misconduct and ineffective assistance of counsel.

The district court denied Petitioner's request for an evidentiary hearing and, after a very thorough review of the issues presented, denied Petitioner's petition. Petitioner now seeks a COA. An appeal may not be taken from a denial of a § 2254 petition absent a COA, which may be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner meets this threshold by demonstrating that the issues are debatable among reasonable jurists, that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotations omitted).

Before this court, Heath realleges similar claims raised below. He also emphasizes he should have been entitled to an evidentiary hearing on multiple factual issues, which include whether accidental injuries were used to prove an intentional injury. After reviewing this case, it is clear Heath simply cannot establish that reasonable jurists could debate the resolution of this petition or that these issues deserve further consideration. See Slack, 529 U.S. at 483-84. Therefore, for substantially the reasons stated by the district court in its

November 5, 2004 and December 20, 2004 orders, we DENY a COA and DISMISS this appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge